THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS EDWARD SMITH, Defendant-Appellant.

(No. 12290;

Fourth District—September 19, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant was sentenced to 1 to 3 years for burglary. He urges now that the trial court did not adequately admonish him before accepting his plea of guilty to insure that his plea was knowingly and voluntarily made as required by Supreme Court Rule 402. (Ill. Rev. Stat. 1971, ch. 110A, par. 402.) The office of the State appellate defender has moved to withdraw as counsel for the defendant for the reason that there is no justiciable issue for review and that any request for review would be frivolous. Accordingly, we will examine the record to satisfy ourselves that such is the case.

To comply with Rule 402, the court must inform the defendant of the nature of the charge. The indictment was read to defendant: "The essence of this offense of burglary is that * * * you entered this building without permission, without authority, and that your intention in entering the building was to steal something." The defendant responded that he understood. The Rule next requires admonishment as to the minimum and maximum sentences. The court answered this requirement by explaining that the possible penalty for burglary is 1 to 20 years with a "mandatory three years parole in addition to whenever you were released" and that he might be fined up to $10,000. Also, that any sentence imposed would have a minimum and maximum within these limits and that the minimum could not be greater than one-third of the maximum. Amplification followed with examples.

In further compliance with the Rule, the court admonished that defendant could plead not guilty and the State would be required to prove him guilty beyond a reasonable doubt; that he could have a jury trial or a trial before the court; that the State would have to call witnesses; that he would be entitled to question the witnesses; that he could call witnesses himself; that he could testify but that no one could force him to and that his failure could not be commented on, and that a plea of guilty would waive a trial of any kind. Defendant responded that he understood that by pleading guilty he was admitting that he entered the building and that he intended to steal something.

The Rule next requires a determination by the court that the plea was voluntary. The court explained that he was making no commitment with respect to sentence. Defendant said no one had promise him anything, nor had anyone threatened him or promised him anything to get him to plead guilty. He said he was pleading guilty because he had committed the offense and wanted to admit he did so. He was also satisfied with his attorney's representation. Next, the court determined a factual basis for

the plea. The assistant State's Attorney advised that on a given date defendant and another person went to the building in question, entered it through a rear window and did so for the purpose of removing certain items—it was a furniture store—and that they were later recovered whereupon defendant gave a voluntary statement to the police admitting his participation. Defendant said that this recitation was substantially correct. Thus, the court complied with all of the sub-paragraphs of Rule 402 except (d), but such sub-paragraph is nonoperative here because there was no plea agreement. Following a pre-sentence report and a hearing on sentencing, the 1-to-3-year sentence followed.

■■ In our opinion there has been substantial and full compliance with Rule 402 and with the constitutional requirement that guilty pleas be made knowingly and voluntarily. (*Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.) The judgment appealed from is affirmed and the motion to withdraw as counsel is allowed as there is no justiciable issue for review.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.